# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **HEIMER LAZARO CANOVAS ALONSO,** | § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § § | |
| **EL PASO PROCESSING CENTER WARDEN, MARY DE ANDA YBARRA, SENIOR OFFICIAL PERF DAVID VENTURELLA, MARKWAYNE MULLIN, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL TODD BLANCHE, US IMMIGRATION AND CUSTOMS ENFORCEMENT, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DEPARTMENT OF HOMELAND SECURITY,** | § § § § § § § § § § § § § § § § | **No. 3:26-CV-01697-LS** |
| *Respondents*. | § § § | |

## ORDER TRANSFERRING CASE

Petitioner Heimer Lazaro Canovas Alonso seeks a writ of habeas corpus under 28 U.S.C. § 2241, but the Court has already considered and denied Petitioner's claims for relief against parties in privity with the respondents in this case.[1] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such

---

[1] *See Canovas Alonso v. Warden*, No. 3:26-cv-00600 (W.D. Tex. Apr. 1, 2026); *see also Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) ("For privity, '[f]ederal courts have deemed' three 'types of relationships "sufficiently close" to justify preclusion': (1) 'a non-party who has succeeded to a party's interest in property,' (2) 'a non-party who controlled the original suit,' and (3) 'a non-party whose interests were represented adequately by a party in the original suit.'" (quoting *Sw. Airlines Co. v. Tex. Int'l Airline, Inc.*, 546 F.2d 84, 95 (5th Cir. 1997))).

detention has been determined . . . on a prior application."[2] A petitioner may file a successive petition in a district court only if "the applicant . . . move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application."[3] Finally, when a petitioner files in district court without authorization, "the district court should transfer the petition or motion to [the court of appeals] in the interest of justice pursuant to [28 U.S.C.] § 1631."[4] Accordingly, the Court **TRANSFERS** this petition to the Fifth Circuit Court of Appeals in the interest of justice.

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on June 23, 2026.

                  **LEON SCHYDLOWER**
                  **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 2244(a).
[3] *Id.* § 2244(b)(3)(A).
[4] *United States v. Newby*, No. 25-40621, 2026 WL 1241015, at *1 (5th Cir. May 6, 2026) (quoting *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997)).